UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McKenzie Olivares, et al., | No. 2:22-cv-00753-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| County of Stanislaus, et al., | |
| Defendants. | |

Plaintiffs McKenzie Olivares, Dylan Olivares and their three minor children, W.O., M.D., and S.O., bring this civil rights action against defendants Stanislaus County, Ophelia Nguyen, Jeremy Pannell, Eric Anderson, Courtney Mummert and Kimberly Potter, for alleged constitutional violations in the temporary removal of the minor children. The plaintiffs move for McKenzie Olivares to be appointed guardian ad litem of her children. Because there is a potential conflict of interest between Olivares and her children, the court **denies the motion without prejudice**.

**I.   BACKGROUND**

McKenzie and Dylan Olivares are the parents of W.O., M.D. and S.O. First Amended Complaint (FAC) ¶¶ 1, 8, 9, ECF No. 9. When S.O. was very young, McKenzie and Dylan noticed S.O. had "unusual feeding behaviors." *Id.* ¶ 63. A consultation with S.O.'s pediatrician resulted in genetic testing, which revealed S.O. had a leptin receptor deficiency that affected his

1

risk of obesity. *Id.* ¶¶ 68–72. The pediatrician instructed McKenzie and Dylan to monitor and regulate S.O.'s food intake. *Id.* ¶ 73. For some time, that approach was successful in maintaining S.O.'s health. *Id.* ¶ 74.

A few years ago, the Olivares family moved to Stanislaus County. *Id.* ¶¶ 56, 75. S.O. attended school at Hickman Charter. *Id.* ¶ 76. McKenzie and Dylan[1] tried to rely on school officials to control S.O.'s dietary regimen, but those efforts were unavailing. *Id.* ¶¶ 77–85, 93–94, 101–10. School staff refused to comply. *Id.* ¶¶ 77–85. Instead, they were concerned about S.O.'s food restrictions and weight, and so they reported the situation repeatedly to the Stanislaus County Community Services Agency (CSA). *Id.* ¶¶ 86, 115, 119, 121, 123. Eventually, a county official visited the Olivares home. *Id.* ¶¶ 123–39. After an investigation, that county official concluded there was evidence of "emotional abuse and severe neglect" of S.O. and of "general neglect" of all three children. *Id.* ¶ 229. CSA executed a protective custody warrant and removed all three children from their parents' care, *see id.* ¶¶ 231, 243–48, although the plaintiffs allege the removal was predicated on a series of wrongful and fraudulent acts, *see id.* ¶¶ 241, 256, 262, 265, 286–88, 292–93, 297–301, 305–08, 312–15, 320–40, 344–45, 350, 357. Ultimately, CSA dismissed the petition and McKenzie and Dylan regained custody of their three children. *Id.* ¶ 271.

The plaintiffs bring this action against the county and various officials under 42 U.S.C. § 1983, alleging Fourth and Fourteenth Amendment violations and pendent state law claims. *See generally id.* At the outset, the plaintiffs move for McKenzie to be appointed guardian ad litem of her minor children. *See* Mot., ECF No. 4. The court held a videoconference hearing on the motion on October 6, 2022. Samuel Park appeared for the plaintiffs, and McKenzie Olivares was present. Bradley Swingle appeared for the defendants.

## II.   GUARDIAN AD LITEM

When a litigant is a minor, "[t]he Court has a duty to ensure that [the] minor's interest[s] are protected." *Bhatia v. Corrigan*, No. 07-2054, 2007 WL 1455908, at *1 (N.D. Cal. May 16,

---

[1] From this point on in this order, the court refers to the adult plaintiffs by first names to eliminate confusion about which plaintiff is referenced.

2007) (citing Fed. R. Civ. P. 17(c)). "Appointing a guardian ad litem 'must normally be left to the sound discretion of the trial court.'" *A.H. v. Sacramento Cty. Dept. Child, Family & Adult Servs.*, No. 21-0690, 2021 WL 4263317, at *2 (E.D. Cal. Sept. 20, 2021) (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986)). "When choosing a guardian *ad litem* for a civil lawsuit, the most important issue is protection of the minor's interest in the litigation." *Kulya v. City & Cty. of S.F.*, No. 06-6539, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007) (citation omitted). "Fit parents are presumed to act in the best interests of their children." *J.A. v. Cty. of Madera*, No. 21-0252, 2021 WL 826219, at *2 (E.D. Cal. Mar. 4, 2021) (citing *Troxel v. Granville*, 530 U.S. 57, 66 (2000)). "In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem[.]" *Brown v. Alexander*, No. 13-1451, 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015). However, "if the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007). If "a non-parental guardian *ad litem* would better protect the minor's interests, then [the court] has a right to select a non-parental guardian." *Brown*, 2015 WL 7350183, at *2 (citation omitted).

In *A.H. v. Sacramento County Department of Child, Family & Adult Services*, a plaintiff parent brought an action with her minor children against various county entities and officials for executing a protective custody warrant based on allegedly false reports of abuse. *See* 2021 WL 4263317, at *1. This court concluded the plaintiff parent was not "an appropriate choice" for guardian ad litem because there was a potential conflict of interest "between [the plaintiff parent] and the minor children given the underlying allegations" of abuse. *Id.* at *3.

Similarly in this case, based on the current record, the court is not persuaded McKenzie Olivares is an appropriate choice as guardian ad litem. The underlying allegations concern the relationship between McKenzie and her three minor children and the basis for the defendants' execution of a protective custody warrant. *See* FAC ¶¶ 229, 231, 241, 243, 247–56. The factual basis for the warrant is disputed. *See* Joint Status Rep. at 5–6, ECF No. 18. A potential conflict between McKenzie and her children could therefore arise during the lawsuit, although the court

acknowledges McKenzie's statement that she has no present adverse interest to her children.  *See* McKenzie Decl. at 1, Mot., ECF No. 4-1.

This decision should not be taken as the court's passing judgment at this time on McKenzie's general fitness as a parent or accepting the underlying allegations levied against her as true.  Rather the court identifies only the potential for a conflict of interest between McKenzie and the minor children given the underlying allegations.  The motion is **denied without prejudice**.

### III.   CONCLUSION

The court **denies without prejudice** McKenzie Olivares' motion to be appointed guardian ad litem and directs plaintiffs' counsel to submit a new motion to appoint a guardian ad litem **within fourteen days of the filed date of this order**.

This order resolves ECF No. 4.

IT IS SO ORDERED.

DATED: October 11, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE