UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McKenzie Olivares, et al., | No. 2:22-cv-00753-KJM-KJN |
| Plaintiffs, | ORDER |
| v. | |
| County of Stanislaus, et al., | |
| Defendants. | |

      Plaintiffs McKenzie Olivares, Dylan Olivares and their three minor children, W.O., M.D., and S.O., bring this civil rights action against defendants Stanislaus County, Ophelia Nguyen, Jeremy Pannell, Eric Anderson, Courtney Mummert and Kimberly Potter, for alleged constitutional violations in the temporary removal of the minor children.  Plaintiffs previously moved for McKenzie[1] to be appointed guardian ad litem of her children, *see* Prior Mot., ECF No. 4, and the court denied that motion, *see* Prior Order (Oct. 12, 2022), ECF No. 21.  Plaintiffs now move again for McKenzie to be appointed guardian ad litem of her children.  Mot., ECF No. 24.  The court submitted the motion without oral argument.  Min. Order, ECF No. 25.  As explained below, the court **denies plaintiffs' motion**.

---

[1] The court refers to the adult plaintiffs by first names to eliminate confusion about which plaintiff is referenced.

1

When a litigant is a minor, "[t]he Court has a duty to ensure that [the] minor's interest[s] are protected." *Bhatia v. Corrigan*, No. 07-2054, 2007 WL 1455908, at *1 (N.D. Cal. May 16, 2007) (citing Fed. R. Civ. P. 17(c)). "Appointing a guardian ad litem 'must normally be left to the sound discretion of the trial court.'" *A.H. v. Sacramento Cty. Dept. Child, Family & Adult Servs.*, No. 21-0690, 2021 WL 4263317, at *2 (E.D. Cal. Sept. 20, 2021) (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986)). "When choosing a guardian *ad litem* for a civil lawsuit, the most important issue is protection of the minor's interest in the litigation." *Kulya v. City & County of San Francisco*, No. 06-6539, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007) (citation omitted). "Fit parents are presumed to act in the best interests of their children." *J.A. v. County of Madera*, No. 21-0252, 2021 WL 826219, at *2 (E.D. Cal. Mar. 4, 2021) (citing *Troxel v. Granville*, 530 U.S. 57, 66 (2000)). "In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad litem[.]" *Brown v. Alexander*, No. 13-1451, 2015 WL 7350183, at *2 (N.D. Cal. Nov. 20, 2015). However, "if the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007). If "a non-parental guardian *ad litem* would better protect the minor's interests, then [the court] has a right to select a non-parental guardian." *Brown*, 2015 WL 7350183, at *2 (citation omitted).

In *A.H. v. Sacramento County Department of Child, Family & Adult Services*, a plaintiff parent brought an action with her minor children against various county entities and officials for executing a protective custody warrant based on allegedly false reports of abuse. *See* 2021 WL 4263317, at *1. This court concluded the plaintiff parent was not "an appropriate choice" for guardian ad litem status because there was a *potential* conflict of interest "between [the plaintiff parent] and the minor children given the underlying allegations" of abuse. *Id.* at *3 (emphasis added).

Here, this court previously denied plaintiffs' motion for McKenzie to be appointed guardian ad litem of her children, finding a potential conflict of interest given the underlying allegations concerning the relationship between McKenzie and her minor children and the basis of the defendants' execution of a protective custody warrant. *See generally* Prior Order. In

2

plaintiffs' renewed motion, they do not contest the existence of a potential conflict of interest between McKenzie and her children.  *See* Mot.  Instead, they argue the potential conflict rule unfairly prevents parents from serving as guardians in litem when suing child welfare agencies for unlawfully removing their children.  *Id.* at 3.  Further, they claim courts do not apply the potential conflict of interest standard in "90% - 95%" of civil rights actions against child welfare agencies.  *Id.* at 6.  Neither argument is persuasive.

First, even if this court agreed the law imposes an absolute bar on parents serving as guardians ad litem for these types of cases, it does not have authority to change the applicable legal standard.  Under Federal Rule of Civil Procedure 17(b), state law sets the standard for reviewing a guardian ad litem application.  *See* Fed. R. Civ. P. 17(b); *Kulya*, 2007 WL 760776, at *1.  Plaintiffs do not disagree that California law provides parents have no right to control their child's litigation when there is an actual or potential conflict of interest.  *See Williams*, 147 Cal. App. 4th at 50.

Second, plaintiffs do not cite any authority to substantiate their claim about "90% - 95%" of similar actions.  In other words, they do not show how applying the potential conflict standard to plaintiffs differs from how California courts adjudge applications for guardian ad litem.  As a result, plaintiffs' position is unavailing because it does not show this court misapplied California law or otherwise veered from the common practice of California courts.

In sum, plaintiffs have not shown there is no potential conflict of interest between McKenzie and her minor children.  Nor have they shown this court has wrongly applied the potential conflict standard.  The court therefore **denies plaintiffs' renewed motion to appoint McKenzie Olivares as guardian ad litem of her children**.  Plaintiffs' counsel is directed to submit a new motion to appoint a guardian ad litem **within fourteen days of the filed date of this order**.

This order resolves ECF No. 24.

IT IS SO ORDERED.

DATED:  December 20, 2022.

CHIEF UNITED STATES DISTRICT JUDGE