ROBERT R. POWELL, SBN: 159747
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201 F: (408) 553-0203
E: rpowell@rrpassociates.com

SAMUEL H. PARK, SBN: 261136
148 Pacific Ave., #2
Pacific Grove, CA 93950
T: (831) 529-5955
E: sam@sampark.lawyer

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKENZIE OLIVARES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | Case No.: 2:22-CV-00753-KJM-KJN<br><br>**DISCOVERY MATTER**<br><br>STIPULATION AND PROPOSED ORDER EXTENDING DISCOVERY RELATED DATES<br><br><br>Judge: Kimberly J. Mueller<br>Magistrate: Kevin J. Newman |

The parties hereto, by and through their respective counsel, based on the Recitals below, jointly submit this first request of this Court to accept the stipulation of the parties as set forth below regarding extending currently set discovery cut-off dates, and adopt same as an order of this Court.

1

**RECITALS**

**1 –** This matter has various discovery related cut-off dates currently set pursuant to Dkt. 19 – Minute Order Re: Scheduling; there is not a Pre-trial Conference set for the matter at this time.  This is the party's first request for an extension.

**2 –** Recently, on 7/27/23, Mr. John R. Whitefleet of Porter Scott law firm in Sacramento, Ca., substituted in for all Defendants in the place of Mr. Bradley Swingle of Swingle, Van Egmond & Heitlinger.

**3 -** Mr. Whitefleet has taken great strides in "coming up to speed" in the matter, however, he has also substituted into three other matters involving Plaintiffs' counsel and civil rights claims against Stanislaus County defendants from Mr. Swingle's office (*Webb* #1:19-cv-01716-DAD-EPG *Westfall* #1:21-cv-00283-ADA-EPG, and *Beard* #1:21-cv-00841-ADA-SAB), and, is nearing the end of having moved their law offices after over 30 years in the same location.  Indeed, there is still construction going on at the "new" location, so all employees including Mr. Whitefleet are working remotely and have been for over two weeks thus far.  The office is also dealing with some technical / technological glitches that are adding a burden to the already significant burden of the move.

**4 –** This litigation is a matter that involves obtaining juvenile dependency case records (both Court and child welfare agency records), not only from Stanislaus County, but from a County heavily referenced by one of the named Defendants in her preparation of a warrant application to remove two of Plaintiffs' children; Ventura County.  Obtaining such records is done through a process commonly referred to as an "827 Application," based on Welfare & Institutions Code Section 827.

**5 –** Plaintiffs have received from       Stanislaus County several hundreds of

2

STIPULATION & ORDER RE: EXTENDING DATES [ ]
Olivares v. County of Stanislaus
Case No.: 2:22-CV-00753-KJM-KJN
4891-5736-7417, v. 1

pages of documents from Stanislaus County, which are so heavily redacted – and in Plaintiffs view almost entirely the redactions fall between unsupported by law and frivolous.  This "827" process does not require any kind of privilege log be created and Plaintiffs counsel will represent after 25 years of handling cases of exactly this nature, one is never provided.  This has resulted in a "second round" of obtaining the documents in this federal suit through Mr. Whitefleet by Request for Production of Documents, whereby either the redactions are entirely removed, or a privilege log is produced for any and all redactions, to determine if there is in fact a lawful basis for any redacted material or documents.

**6 –** As to Ventura County, the Plaintiffs have been diligently pursuing the Ventura County "827" records since mid-February of this year; none were included in the Stanislaus County 827 production at all though they were referenced many times.

That journey has involved a rejection of an initial submission for the failure to attach the complaint in this matter, and not having an address for one of the parents of one of the children (the biological father of one child). A second effort was promptly made, with the requested attachments and information, and after 6 weeks calls were made to the Court because nothing had been received in the way of an order, a letter, any documents or information.  The clerk's response was that no submission had ever been received.  It had certainly been mailed, but rather than engage in a protracted effort to get on the Court's calendar – after a claim of no receipt that could not be "disproven" – a third submission was made, and henceforth all communications or filings with Ventura County sent by Certified Mail.

Just recently on August 7th, an Order was received on the third 827 submission  That Order claimed        there were "no records."

3

**STIPULATION & ORDER RE: EXTENDING DATES [ ]**
Olivares v. County of Stanislaus
Case No.: 2:22-CV-00753-KJM-KJN
4891-5736-7417, v. 1

This led to a letter to the juvenile Court Judge, to the Director of the Ventura County Human Services Agency, and to the Judicial Council separately.  The Director wrote back in an e-mail the very same day the letter was e-mailed to him (8/8/23) confirming that they do indeed have records, and offering that his staff would gather them promptly and inquiring if we wanted them by mail, e-mail, or both.  The problem is that until the juvenile court judge responds – it has been 7 days now since the letters were sent certified mail (Plaintiffs happened to find an e-mail to the Director, so the letter was sent that way on 8/8) – there is no way to say whether / when Plaintiffs will receive those records.  In fact, as a "back up" Plaintiffs are filng a Motion for Reconsideration of the prior order, which is anticipated to be filed 8/15/23.

**7 –** An important witness to Plaintiffs case, recently no-showed at an August 1st, 2023 deposition. It is known that she has moved, but the effort to track down this witness must start anew, based on solely the knowledge that – based on her words – she is moving "down South."

**8 -** Finally, there is an issue of competing trials at this time for both Plaintiffs' counsel and Defendants' counsel.  Defendants' counsel has two trials that have overcome dispositive motions and will proceed to trial, one starting October and another in December.  Plaintiffs' counsel has a civil rights trial in the Northern District Court of California set for February 12th, 2024, involving a 3 ½ year incarceration of a man based on destroyed evidence by law enforcement, and anticipated to be 7 days in length (Andrew Johnson v. City of San Jose); this trial only "informs" the requested extension, it is not claimed the weight of it is as germane to this request as are all of the aforementioned issues

**9 –** The parties have engaged in       rather extensive "paper" discovery thus

far, including Requests for Production of Documents, Requests for Admission, and Special Interrogatories, however it is Plaintiffs' position that the scheduling of deposition dates with the prior Counsel for Defendants has been between plodding and unproductive due to numerous requests to meet and confer on scheduling dates that simply were not responded to at all, or would take one or two weeks to get any substantive reply after multiple follow-up communications.

Plaintiffs have successfully completed three (3) depositions, then there is the fourth that did not happen due to the witnesses non-show as advised above herein. The Plaintiffs and Defendants newly substituted-in counsel will continue to work to schedule all necessary discovery, but feel this requested extension is necessary.

**10 –** Counsel for the parties are confident that if the Court agrees to the extended dates, all discovery can be completed, and represent to the Court that given there is no Pre-Trial Conference set in this matter, this request will not run afoul of the Court's Standing Scheduling Order which allows a Magistrate judge to modify discovery related dates "to the extent such modification does not have the effect of requiring a change to the balance of the schedule."

**BASED ON THE FOREGOING RECITALS**, the parties hereby stipulate and agree, as follows, and request the Court order same:

1 – The prior date for all fact discovery completed of 9/1/2023, is extended to January 26th, 2024

2 – The prior date for expert disclosures by 11/1/2023, is extended to March 22nd, 2024.

3 – The prior date for exchanging rebuttal witness by 12/15/2023, is

5

**STIPULATION & ORDER RE: EXTENDING DATES [ ]**
Olivares v. County of Stanislaus
Case No.: 2:22-CV-00753-KJM-KJN
4891-5736-7417, v. 1

extended to April 26th, 2024.

4 – The prior date for all expert discovery to be completed by 2/1/2024, is extended to June 26th, 2024.

5 – The prior date for dispositive motions, except for motions for continuances, temporary restraining orders or other emergency applications, being heard by 5/1/2024 is extended to August 30th, 2024.

**IT IS SO STIPULATED.**

**PORTER SCOTT**  **POWELL & ASSOCIATES**

  /S/  John R. Whitefleet     .  8/18/23     /S/  Robert R. Powell   .  8/18/23
JOHN R. WHITEFLEET, ESQ.              ROBERT R. POWELL, ESQ.
Attorney for Defendants               Attorney for Plaintiffs

## ORDER

Based on the foregoing Stipulation submitted by the parties on or about August 15, 2023, the Court hereby adopts the stipulation of the parties as an order of this Court.

**IT IS SO ORDERED.**

Dated:  August 22, 2023.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**STIPULATION & ORDER RE: EXTENDING DATES [ ]**
Olivares v. County of Stanislaus
Case No.: 2:22-CV-00753-KJM-KJN
4891-5736-7417, v. 1