UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| McKenzie Olivares, et al., | No. 2:22-cv-00753-KJM-KJN |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| County of Stanislaus, et al., | |
| Defendants. | |

Plaintiffs McKenzie and Dylan Olivares, along with three of their minor children, filed this action against the County of Stanislaus and several individual defendants almost two years ago, in May of 2022. *See generally* Compl., ECF No. 1.  The case is currently proceeding on their first amended complaint, ECF No. 9, with Todd Kraft acting as guardian ad litem for the three minor plaintiffs. *See* Order (Jan. 17, 2023), ECF No. 29 (appointing Kraft).  Fact discovery has closed, and the filing deadline for dispositive motions is in October of this year. *See* Stip. & Order, ECF No. 42; Order (Jan. 10, 2024), ECF No. 43.  The court has not yet set a trial date.

Plaintiffs' counsel, Robert Powell, last spoke with Dylan Olivares about nine months ago. *See* Powell Decl. ¶ 12, ECF No. 47-1.  Since then, Mr. Olivares has not returned Mr. Powell's calls or text messages. *See id.*  Ms. Olivares has had more recent but limited and only "sporadic" contact with Mr. Olivares; he has told her he is "involved in a large criminal organization." Olivares Decl. ¶¶ 20–21, ECF No. 47-2. Ms. Olivares and Mr. Powell believe Mr. Olivares is

1

1  suffering from depression and has relapsed into substance use disorder. *See generally* Powell
2  Decl.; Olivares Decl. ¶¶ 9–16. His current location and condition are unclear. Ms. Olivares
3  believes he has been living sometimes in his truck and sometimes in other places. *See* Olivares
4  Decl. ¶¶ 16, 19.

5  According to Mr. Powell, when he last spoke with Mr. Olivares several months ago,
6  Mr. Olivares agreed with Mr. Powell's recommendation to appoint Ms. Olivares's aunt, Lysbeth
7  Kraft, as Mr. Olivares's guardian ad litem in this case. Powell Decl. ¶ 12. Now, several months
8  later, Mr. Powell moves to appoint Ms. Kraft as Mr. Olivares's guardian ad litem. *See generally*
9  Mot., ECF No. 47. The motion is unopposed. Having reviewed the motion and supporting
10 declarations, the court finds oral arguments unnecessary and takes the motion under submission.
11 *See* E.D. Cal. L.R. 230(g).

12 Under Federal Rule of Civil Procedure 17, "[t]he court must appoint a guardian ad litem—
13 or issue another appropriate order—to protect a minor or incompetent person who is
14 unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A person's capacity to sue is measured by
15 the standard of the law of his domicile." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042,
16 1050 (E.D. Cal. 2015) (citing Fed. R. Civ. P. 17(b)(1)). As noted, Mr. Olivares's domicile is
17 uncertain, so it is unclear what standard this court must consult. If Mr. Olivares lives in
18 California, for example, the court would decide whether Mr. Olivares "lacks the capacity to
19 understand the nature or consequences of the proceeding, or is unable to assist counsel in
20 preparation of the case." *Id.* (quoting *Golden Gate Way, LLC v. Stewart*, No. 09-4458,
21 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012)). A variety of evidence could inform that
22 decision, such as reports from government agencies, records of a diagnosis of mental illness,
23 other medical records, sworn declarations from people with first-hand knowledge, or an
24 attorney's or the court's own first-hand observations. *See id.*

25 Mr. Powell and Ms. Olivares believe Mr. Olivares is incompetent based on his substance
26 use and mental health. They have not, however, submitted reliable evidence about Mr. Olivares's
27 current condition or capacity. It is possible Mr. Olivares is suffering from a condition that
28 prevents him from understanding the proceedings and from consulting with Mr. Powell, but it is

also possible he is competent and has chosen not to participate in this action any longer. The court cannot conclude on this record that Mr. Olivares is "incompetent" under Rule 17.

If Mr. Olivares's actions have made it unreasonably difficult for Mr. Powell to carry out the representation effectively—such as, for example, by failing to communicate—then it may be appropriate for Mr. Powell to seek the court's permission to withdraw as his attorney. *See* E.D. Cal. L.R. 182(d); Cal. R. Prof. Conduct 1.16(b)(4). But the court cannot appoint a guardian to represent Mr. Olivares without reliable evidence about his current capacity.

The hearing on the motion to appoint a guardian ad litem (ECF No. 47) is **vacated**, and the motion is **denied without prejudice to renewal** with reliable evidence about Mr. Olivares's current capacity.

IT IS SO ORDERED.

DATED: March 18, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE