UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKENZIE OLIVARES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | No. 2:22-cv-00753-DC-CSK<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO SEAL EXHIBITS A-G TO THE DECLARATION OF JOHN R. WHITEFLEET IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 54) |

On December 16, 2024, Defendants County of Stanislaus, Ophelia Nguyen, Jeremy Pannell, Eric Anderson, Courtney Mummert, and Kimberly Potter ("Defendants") filed a notice of their request to file under seal documents attached as exhibits to the declaration of John R. Whitefleet filed in support of Defendants' motion for summary judgment (Doc. No. 53-5). (Doc No. 54.) Specifically, Defendants seek to file under seal:

1. Exhibit A – Excerpts of Stanislaus County Community Services Agency's Delivered Service Log relating to visits to Plaintiffs' home prior to execution of the Protective Custody Warrant at issue in this case;
2. Exhibit B – Protective Custody Warrant in the juvenile matter at issue in this case;
3. Exhibit C – Juvenile Dependency Petition in the juvenile matter at issue in this case;
4. Exhibit D - Detention Report in the juvenile matter at issue in this case;

1

5. Exhibit E – Letter from Marriage and Family Therapist Barry Tuggle to Defendants relating to wellbeing of minor Plaintiff;

6. Exhibit F – Minor Plaintiffs' medical records;

7. Exhibit G – Excerpts of Stanislaus County Community Services Agency's Delivered Service Log relating to visits to Plaintiffs' home following execution of the Protective Custody Warrant at issue in this case.

Plaintiffs did not submit an opposition to Defendants' request to seal. For the reasons explained below, the court will grant Defendants' request to file under seal Exhibits A–G to the Whitefleet Declaration.

The court recognizes that all documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). However, courts may permit a party to file under seal documents such as briefing in support of (or in opposition to) motions for summary judgment and exhibits thereto, where that party shows "compelling reasons" to support maintaining secrecy of those documents. *Kamakana v. City & Cnty. Of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir. 2016) (applying "compelling reasons" standard to motions that are "more than tangentially related to the merits"). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, Defendants request that Exhibits A–E and G be filed under seal because the documents arise from confidential juvenile case materials and Child Protective Services investigations. Additionally, Defendants request that Exhibit F be filed under seal because it

1 contains a medical record.

2 　　　　As to Exhibits A–E and G, records pertaining to Stanislaus County Community Services
3 Agency's investigation and prosecution of the juvenile matter at issue in this case, the California
4 legislature has expressed its belief that juvenile court records should be kept confidential absent
5 specific exemptions not relevant here. *See* Cal. Welf. & Inst. Code § 827(b)(1) ("[T]he
6 Legislature reaffirms its belief that juvenile court records, in general, should be confidential . . .
7 [except for] a limited exception to juvenile court record confidentiality to promote more effective
8 communication among juvenile courts, family courts, law enforcement agencies, and schools to
9 ensure the rehabilitation of juvenile criminal offenders as well as to lessen the potential for drug
10 use, violence, other forms of delinquency, and child abuse."). Courts have found that maintaining
11 the confidentiality of juvenile court records and mental health records are compelling reasons to
12 file such documents under seal. *Miroth v. Cnty. of Trinity*, No. 2:22-cv-00460-KJM-JDP, 2022
13 WL 3965789, at *1 (E.D. Cal. Aug. 31, 2022) ("Courts have found that juvenile court records
14 contain sensitive information that outweighs the presumption of public access and may be filed
15 under seal."); *Dalton v. Cnty. of San Diego*, No. 3:21-cv-02143-TWR-VET, 2024 WL 1319719,
16 at *1 (S.D. Cal. Mar. 27, 2024) ("To the extent the exhibits identify a minor and implicate her
17 criminal and mental health history, the documents may be sealed.").

18 　　　　As to Exhibit F, minor Plaintiff's medical records, "[m]edical records contain private,
19 confidential, and often sensitive information, and courts often order medical records to be filed
20 under seal." *United States v. Lopez-Perez*, No. 1:14-cr-0045-AWI, 2021 WL 809396, at *1 (S.D.
21 Cal. Aug. 14, 2023); *Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D.
22 Cal. May 22, 2020) (noting that "medical records are deemed confidential under the Health
23 Insurance Portability and Accountability Act" and that "[c]ourts routinely conclude that the need
24 to protect medical privacy qualifies as a compelling reason for sealing records") (citations
25 omitted) (citing cases).

26 　　　　This court finds that Defendants have shown compelling reasons to grant their request to
27 seal given the confidential juvenile court records, mental health records, and medical records
28 contained in Exhibits A–G to the Whitefleet Declaration. Therefore, the court will grant

Defendants' request to seal.

Accordingly,

1. Defendants' request to seal (Doc. No. 54) is GRANTED;
2. Exhibits A–G to the declaration of John R. Whitefleet filed in support of Defendants' motion for summary judgment shall be filed under seal to be accessed only by the court and the parties; and
3. Within three (3) days from the date of entry of this order, Defendants shall email a PDF copy of the unredacted version of the subject documents to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case.

IT IS SO ORDERED.

Dated:   **November 6, 2025**

Dena Coggins
United States District Judge

4